Darlene OHIME, Plaintiff,

v.

Scott FORESMAN/Addison Wesley, Defendant.

No. 3:97–CV–772RM.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 20, 1999.

Shaw R. Friedman, Friedman and Associates, LaPorte, IN, for Darlene Ohime, plaintiff.

Robert B. Bush, Lisa Erb Harrison, Pamela V. Keller, Ice Miller Donadio and Ryan, Indianapolis, IN, for Scott Foresman/Addison Wesley, defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Scott Foresman/Addison Wesley asks the court to bar Darlene Ohime's expert from testifying as an expert opinion and/or factual witness at trial pursuant to Federal Rules of Civil Procedure 26(a) and 37(c). For the following reasons, the court grants the defendant's motion to bar plaintiff's expert from offering opinions at trial.

Scott Foresman seeks to exclude Ben Nott's testimony. Ms. Ohime proffers Mr. Nott, a psychiatric social worker, to provide (according to the letter from Ms. Ohime's counsel to Mr. Nott):

> expertise on the issues of alcohol dependency and depression and the inability that someone suffering under such disabilities would have in being able to self-diagnose and/or seek treatment or counseling. Furthermore, our contention is that a compa-

ny, having awareness of a long-term, well-performing employee suddenly experiencing alcoholic bouts and an attempted suicide has an obligation to assist and offer counseling/treatment.

Scott Foresman argues that Mr. Nott's Rule 26(a)(2)(B) report is untimely because the report contained no opinions of the proposed expert, much less the basis or reasons for any opinions, the data or information considered in forming any opinions, the exhibits that may be used in support of any opinions, the list of publications authored in the past 10 years, or the list of other cases in which the proposed expert has testified in the past 4 years.

■ Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the identity of any person who may be used at trial as an expert witness. This disclosure shall "be accompanied by a written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B). Rule 26(a) further provides that:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id.* These disclosures shall be made at the times directed by the court. Fed.R.Civ.P. 26(a)(2)(C).

The court initially ordered Ms. Ohime to file her expert reports by October 23, 1998. On Ms. Ohime's motion, this court extended the time in which to file Rule 26(a)(3) material until October 30 for Ms. Ohime and November 30 for Scott Foresman. Ms. Ohime filed notice of serving Mr. Nott's expert report on October 29. The court agrees with Scott Foresman that Mr. Nott's first "report" does not satisfy any of the requirements of Rule 26(a)(2)(B). It identifies the expert and his expertise, but says nothing of any opinion.

■ On receiving this deficient report, counsel for Scott Foresman called counsel for Ms. Ohime and afforded two more weeks to conform the expert's report to the Rule 26(a) standard. Ms. Ohime did not submit Mr. Nott's 26(a)(2)(B) report—which the court will call his second report—until December 15 and then did so only as an exhibit to Ms. Ohime's response to this motion to strike. Mr. Nott's second report still is deficient under Rule 26(a)(2)(B). The report states a summary of Ms. Ohime's two meetings with Mr. Nott (arguably the data or other information on which Mr. Nott relied in making his report), but it contains only a three-sentence paragraph of vague conclusions as to his expert opinion of Ms. Ohime's condition. These conclusory determinations are insufficient under Rule 26(a). The second report still does not provide a listing of publications authored by Mr. Nott in the last ten years or a listing of cases in which Mr. Nott has testified as an expert in the last four years.

■ Under Federal Rule of Civil Procedure 37(c)(1), a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *See also McNabola v. Chicago Transit Authority,* 10 F.3d 501, 517 (7th Cir.1993) (stating that failure to disclose documents justified exclusion of the documents). The sanction of exclusion under Rule 37(c)(1) is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir.1996) (*quoting Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir.1996)). This sanction provides a strong inducement for disclosure of Rule 26(a) material. *See* Fed.R.Civ.P. 37, Advisory Committee Notes, 1993 Amendments, Rule 37, subsection (c).

Ms. Ohime has not argued substantial justification for the delay. The court has looked in the record for such justification, but since it appears that Mr. Nott was contacted only three working days before the expert report

deadline, and there is no basis to believe that Scott Foresman has, even yet, received the disclosures due under Rule 26(a)(2)(B), none can be found.

Mr. Nott's 26(a)(2)(B) report is both untimely and insufficient for want of (1) a basis for the opinions expressed therein, (2) a list of Mr. Nott's publications, or (3) the cases in which Mr. Nott has testified as an expert. No substantial justification has been shown for plaintiff's non-compliance with Rule 26(a). The defendant's motion to bar the expert testimony of Mr. Nott (filed November 30, 1998) is GRANTED.

SO ORDERED.